*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-368

MAY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| | } | |
| Sulaiman Jadallah | } | DOCKET NO. 199-2-09 Frcr |

Trial Judge: Mark J. Keller

In the above-entitled cause, the Clerk will enter:

Defendant appeals his jury conviction of lewd and lascivious conduct, arguing that the trial court's jury instructions did not allow the jury to consider his theory of defense. We affirm.

Defendant was charged with engaging in lewd and lascivious conduct based on an incident that took place in the complainant's home. Defendant, the owner of a restaurant, was considering purchasing cakes made by the complainant and was at her home ostensibly to look at her website. At one point, he attempted to kiss the complainant, but she told him that it was too soon after a recent separation from her husband. Later, defendant pressed his body against the complainant's breasts on her couch, and she again told him that she was not interested. Defendant then asked the complainant to show him her breasts, and the parties moved to the bathroom, where defendant attempted to remove the complainant's sweater. When he had trouble doing so, the complainant loosened her belt and lifted her sweater up. She testified that she complied with defendant's request because she thought he would leave if she showed him her breasts. Defendant asked the complainant to engage in oral sex, but she refused. He then placed her hand on his penis and ejaculated shortly thereafter.

At trial, the State presented the testimony of the complainant, the complainant's mother-in-law, and the detective who had interviewed defendant. The defense did not present any witnesses. Following trial, the jury convicted defendant of the charged offense, and the trial court sentenced him to a term of one-to-five years, all suspended except nine months.

On appeal, defendant argues that the trial court committed reversible error by failing to include a jury instruction that allowed the jury to consider his theory of defense. Defendant asserts that his theory of defense was that he was getting mixed messages from the complainant and therefore reasonably believed that she was consenting to his conduct, irrespective of her actual subjective intent. According to defendant, at trial he was not suggesting that the complainant actually consented, but rather that he reasonably believed that she was consenting, even if she was not. In defendant's view, given this theory of defense, the court was obligated to give the jury a mistaken-belief instruction similar to the one set forth in People v. Mayberry, 542 P.2d 1337 (Cal. 1975).

The glaring problem with this argument is that it is being raised for the first time on appeal. Rather than make a plain-error argument, defendant tries unsuccessfully to convert the small part of his proposed instruction that the trial court rejected into a requested mistaken-belief instruction. It does not hold up. The trial court accepted most of defendant's proposed jury instruction but declined to instruct the jury that all sexual conduct tends to excite lust and that they should not consider whether they would engage in similar conduct. These rejected proposed instructions are unrelated to the ideal instruction that defendant, on appeal, suggests the trial court should have given—that even if you (the jurors) conclude that the complainant did not consent to defendant's conduct, you can find defendant not guilty if you conclude that he reasonably believed she consented. Defendant did not request such an instruction. Indeed, defendant's proposed consent instruction, which was accepted in large part by the court, contained no language about a mistaken but reasonable belief as to consent; rather it stated that lack of consent can be demonstrated by words or actions and may not be presumed by the mere utterance of certain words.

Undoubtedly, defendant proposed such an instruction because, despite his contention on appeal that his defense at trial was that he reasonably believed the complainant consented even though she did not, our review of the record reveals that his defense at trial was that she consented through her actions. The trial court properly instructed the jury on this defense in the manner requested by defendant. Defendant cannot re-characterize his defense on appeal and then fault the trial court for not giving an instruction that he did not request. See People v. Dominguez, 140 P.3d 866, 870-71 (Cal. 2006) (holding that defendant was not entitled to mistaken-belief instruction with regard to victim's consent because he did not request that instruction at trial and evidence of his belief was insignificant).

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice